# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARSHALL ANDERSON,

    Plaintiff,

v.

FORD MOTOR COMPANY,

    Defendant.

Case No. 21-2097-DDC-TJJ

## MEMORANDUM AND ORDER

On March 1, 2021, Magistrate Judge James issued a Report and Recommendation, recommending that the district court: (1) deny plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 3), and (2) order plaintiff to pay the $402 filing fee within 30 days from the date this court issues a ruling on the Report and Recommendation. Doc. 5 at 3. As Judge James's Report and Recommendation explained, plaintiff has the right to file objections to the Report and Recommendations under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(a), within 14 days after service of the Order. Doc. 5 at 3. Plaintiff filed something that the court construes as a timely Objection (Doc. 8) on March 15, 2021. For the following reasons, the court adopts Judge James's Report and Recommendation and denies plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3).

Fed. R. Civ. P. 72(b)(2) provides that, after a magistrate judge enters a recommended disposition on a dispositive matter, a party may serve and file specific, written objections to the magistrate judge's order within 14 days after being served with a copy of the recommended disposition. Then, under Fed. R. Civ. P. 72(b)(3), the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See also* 28 U.S.C.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After making this determination, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [or] may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

The Tenth Circuit requires that objections to a magistrate judge's recommended disposition "be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). As stated above, an objection is timely if made within 14 days after service of a copy of the recommended disposition. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "focus[es] the district court's attention on the factual and legal issues that are truly in dispute[.]" *One Parcel of Real Property*, 73 F.3d at 1060. If a party fails to make a proper objection, the court has considerable discretion to review the recommendation under any standard that it finds appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

The court assumes that plaintiff's Objection is sufficiently specific to constitute a proper objection under the federal and local rules, and so, it conducts a de novo review of Judge James's Report and Recommendation. After conducting that review, the court agrees with Judge James's conclusion. Plaintiff doesn't qualify to proceed without prepayment of fees.

Under 28 U.S.C. § 1915(a)(1), the court may authorize a person to commence an action without prepayment of fees after the submission of an affidavit demonstrating an inability to pay. The court has broad discretion to grant or deny permission to proceed in forma pauperis. *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. 2006). But the court cannot act arbitrarily

or deny an application on erroneous grounds. *Id.* "[T]o succeed on a motion to proceed [in forma pauperis], the *movant must show a financial inability to pay* the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (emphasis added).

Plaintiff filed a pro se[1] Motion to Proceed Without Prepayment of Fees (Doc. 3) in his employment suit against defendant, Ford Motor Company. Plaintiff attached an affidavit to his motion listing his income, assets, and monthly financial obligations. *See* Doc. 3-1.

As Judge James's Report notes, plaintiff's affidavit lists his current employment at Ford Motor Company and his income as $1,400 to $3,000 a month. Doc. 3-1 at 2.[2] His monthly expenses total $610. *Id.* at 5. He owns two cars valued at $12,000 and does not owe anything on either car. *Id.* at 4. He owes $20,000 on student loans but does not make monthly payments. *Id.* at 5. And, he has received $18,000 in unemployment benefits within the last 12 months. *Id.* at 4. He asserts he has no cash on hand or savings. *Id.*

Plaintiff's listed monthly income exceeds his listed monthly expenses, so, Judge James's Report finds plaintiff has sufficient financial resources to pay the $402 filing fee. Doc. 5 at 2. To date, plaintiff filed one objection to Judge James's Report and Recommendation. Doc. 8. In it, plaintiff argues he does not earn the amount of income he listed on his financial affidavit because he listed the amount he would make if he worked every day of the week. *Id.* at 1. He

---

[1] Because plaintiff filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Plaintiff lists his weekly income as $350 to $750 a week. Doc. 3-1 at 2.

3

asserts "he was being sent home. 2 or 3 times a week." *Id.* And, he asserts, he only worked one full week. *Id.* Then, plaintiff alleges he quit his employment because of embarrassment. *Id.* at 2. But plaintiff's efforts to contradict his Affidavit are unavailing.

Plaintiff provided no amended financial affidavit or any information about his current monthly income. *See id.* He does not provide sufficient information about when he allegedly quit his listed employment. *See id.* And, plaintiff asserts he received $18,000 in unemployment benefits within the last 12 months but asserts he has no cash on hand or savings. Doc. 3-1 at 4. The court also considers plaintiff's other listed assets, two cars valued at $12,000, on which he owes nothing. *See id.*

After reviewing plaintiff's Complaint (Doc. 1) and financial affidavit (Doc. 3-1), the court agrees with Judge James's recommendation. Plaintiff has not made a sufficient showing that he is unable to pay the required filing fee. The court thus adopts Judge James's Report and Recommendation, denies plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3), and orders plaintiff to pay the required filing fee within 30 days of the date of this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** after reviewing the file *de novo*, the Report and Recommendation issued by United States Magistrate Judge James on March 1, 2021 (Doc. 5) is **ACCEPTED, ADOPTED, and AFFIRMED**.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 3) is **DENIED**. The court orders plaintiff to pay the $402 filing fee within 30 days of the date of this Order. **The court cautions plaintiff: If he fails to pay the filing fee within 30 days of the date of this Order, the court will dismiss this action without prejudice.**

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall mail a copy of this

4

Case 4:21-cv-00701-HFS    Document 10    Filed 03/23/21    Page 4 of 5

Order to plaintiff by regular and certified mail.

**IT IS SO ORDERED.**

**Dated this 23rd day of March, 2021, at Kansas City, Kansas.**

<u>**s/Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**