IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARSHALL ANDERSON,

        Plaintiff,

v.

FORD MOTOR COMPANY,

        Defendant.

Case No. 21-2097-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Marshall Anderson[1] filed suit in this court bringing claims under the Americans with Disabilities Act, as amended ("ADAAA"),[2] for failing to accommodate his disability and for retaliation, purportedly violating 42 U.S.C. §§ 12112 and 12203(a). *See generally* Doc. 1 (Compl.). Before the court is defendant Ford Motor Company's Motion to Dismiss, or in the Alternative, to Transfer (Doc. 14). Plaintiff has responded (Doc. 16). And defendant has filed a Reply (Doc. 18). For the reasons explained below, the court denies in part and grants in part defendant's motion and transfers this case to the Western District of Missouri.

---

[1] Because Mr. Anderson proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of Mr. Anderson's advocate. *Id.*

[2] The ADA Amendments Act of 2008 ("ADAAA") amended the ADA and "went into effect on January 1, 2009." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1303–04 n.1 (10th Cir. 2017) (citation omitted). Here, the "events that form the basis for [plaintiff's] disability-related claims occurred after this date; therefore, the ADAAA is technically applicable here." *Id.* So, the court "refer[s] to [plaintiff's] disability-related claims . . . as claims alleging violations of the ADAAA." *Id.* Also, as our Circuit has noted, the 2008 amendments "primarily" revised "the ADA's definition of 'disability.'" *Id.* And, in this case, these "revisions are not material to the disability issues that" plaintiff's claims present. *Id.* So, the court "freely rel[ies] on authorities prior to ADAAA's effective date that apply and construe the ADA, insofar as they are relevant." *Id.*

I.     Background

From October 2020 to March 2021, plaintiff worked at defendant's Kansas City Assembly Plant (KCAP) located in Claycomo, Missouri. *See* Doc. 1 at 1 (Compl. Caption); Doc. 15-1 at 2 (Cravins Decl. ¶¶ 2–3). Plaintiff alleges he "was put on a job that [he] could not do because of [his] disability." Doc. 1 at 3 (Compl. ¶ 8). Specifically, he alleges that he told someone at the company that he couldn't do the job, that someone then told him to get a statement from a doctor, which he did, but that defendant still didn't have work for him. *Id.* Plaintiff further alleges that someone named Dion Lynn told him she would talk to someone about his disability, but that she never did. *Id.* at 4 (Compl. ¶ 10). As a result, plaintiff alleges defendant transferred him from "the transit side" to the "truck side" because defendant "had no work for [him] to do." *Id.* at 5 (Compl. Request for Relief).

On October 5, 2020, plaintiff filed a charge of race and disability discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Doc. 15-2 at 2 (EEOC Charge).[3] It alleged defendant hired him in June 2020, but that defendant never gave him a start date. *Id.* Plaintiff further alleges that in August 2020, one of defendant's human resources representatives told him defendant was no longer hiring. *Id.* Notably, the EEOC charge didn't reference any of the conduct alleged in the Complaint, which focuses on alleged

---

[3] Plaintiff didn't attach this EEOC charge to his Complaint, but defendant attached it to its Motion to Dismiss. If "the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff references the EEOC charge in his Complaint, it is central to his claims, and plaintiff doesn't dispute its authenticity. So, the court takes judicial notice of the EEOC charge without converting this Motion to Dismiss into one for summary judgment. *Pruente v. Home Depot U.S.A. Inc.*, No. CIV. A. 07-2133-CM, 2007 WL 2726061, at *1 (D. Kan. Sept. 17, 2007) ("Although the court referenced plaintiff's EEOC charge to make this determination, the court need not convert defendants' motion to a motion for summary judgment, as the EEOC charge is mentioned in plaintiff's complaint and is central to her claims." (citing *MacArthur v. San Juan Cnty.*, 309 F.3d 1216, 1221 (10th Cir. 2002))).

2

conduct that occurred after plaintiff started working for defendant. The EEOC sent plaintiff a Notice of Right to Sue on January 4, 2021, and plaintiff filed suit in this court on February 22, 2021. Doc. 1 at 1 (Compl.); Doc. 1-1 at 1 (Notice of Right to Sue).

Defendant filed a Motion to Dismiss, or in the Alternative, to Transfer, arguing three alternative grounds for dismissal: (1) improper venue; (2) failure to exhaust administrative remedies; or (3) failure to plead an ADA claim. Doc. 15 at 4–9. But the court won't consider the latter two arguments because the first argument controls. So, the court will focus its analysis on venue.

## II. Legal Standard

Fed. R. Civ. P. 12(b)(3) allows a party to raise the defense of improper venue by motion. Generally, the standards for deciding a motion to dismiss for improper venue follow those applied to a motion to dismiss for lack of personal jurisdiction. *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*, 434 F. Supp. 2d 1051, 1057–58 (D. Kan. 2006). When defendant challenges venue under Rule 12(b)(3), plaintiff bears the burden of making a prima facie showing by submitting affidavits and other written material establishing that venue is proper in the forum state. *Id.*; *see also M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc.*, 843 F. Supp. 679, 682–83 (D. Kan. 1994). When considering whether plaintiff has met its venue burden sufficient to survive a motion to dismiss, the court takes as true the uncontroverted allegations in the Complaint and resolves all disputed facts in the light most favorable to plaintiff. *M.K.C. Equip.*, 843 F. Supp. at 682–83. If the court concludes the case is filed in the wrong venue, it "shall dismiss" the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

3

### III. Analysis

Typically, venue is analyzed under the general venue statute at 28 U.S.C. § 1391. But the ADAAA has its own venue provision, which it borrows from Title VII. *See* 42 U.S.C. § 2000e-5(f)(3) (Title VII venue provision); 42 U.S.C. § 12117(a) ("The powers, remedies, and procedures set forth in section[ ] . . . 2000e-5 [of Title VII] . . . shall be the powers, remedies, and procedures [the ADAAA] provides to . . . any person alleging discrimination on the basis of disability . . . [in] employment.").

It "has long been settled in this circuit that [Title VII's venue] provision, rather than the general venue statute, governs venue in Title VII actions." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). Because that venue provision also applies to the ADAAA, the same goes for ADAAA actions. *See Borchik v. CoreLogic*, No. 16-CV-00708-RM-MJW, 2017 WL 4407926, at *3 (D. Colo. Apr. 24, 2017), *report and recommendation adopted sub nom. Borchik v. Corelogic Tax Servs., L.L.C.*, No. 16-CV-00708-RM-MJW, 2017 WL 4407927 (D. Colo. Aug. 3, 2017) ("This provision [42 U.S.C. § 2000e-5(f)(3)], rather than the general venue statute at 28 U.S.C. § 1391, governs venue in Title VII and ADA actions."); *see also Hill v. Farmers Ins. Grp.*, No. CIV 08-1174 BB/LFG, 2010 WL 1227754, at *1 (D.N.M. Mar. 24, 2010) ("Because Congress chose to add a specific venue provision to the ADA, it controls over any of the more general venue provisions that might otherwise apply.").

Title VII and the ADAAA's venue provision provides that a plaintiff may bring suit in:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]

4

42 U.S.C. § 2000e-5(f)(3). This provision also provides that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has [its] principal office." *Id.*

Defendant argues that plaintiff fails to establish that venue is proper in the District of Kansas through any of those avenues. To make this argument, defendant filed a Declaration from Crystal Cravins, its Labor Relations Supervisor at defendant's KCAP in Claycomo, Missouri. *See* Doc. 15-1 at 2–3. For reasons discussed below, defendant is right.

Plaintiff doesn't establish venue in Kansas under the *first* alternative because both parties agree that he worked at defendant's KCAP in Claycomo, Missouri. *See* Doc. 1 at 1 (Compl. Caption) (noting defendant's address in Missouri); Doc. 15-1 at 2 (Cravins Decl. ¶ 2) (same); Doc. 15-2 at 2 (EEOC Charge) (noting exact same street address, but in Kansas City, Missouri). So, any alleged unlawful employment practices occurred in Missouri, not Kansas.

Nor does plaintiff establish venue in Kansas under the *second* option—that defendant maintains and administers his employment records here in Kansas. The Declaration testifies that defendant maintains and administers plaintiff's employment records at its Labor Relations Office at KCAP in Claycomo, Missouri, or in some limited cases, at defendant's headquarters in Michigan. Doc. 15-1 at 2 (Cravins Decl. ¶ 4). Plaintiff doesn't contest this Declaration, nor does he allege that defendant maintains any of his employment records in Kansas. So, the court accepts defendant's Declaration that it maintains plaintiff's employment records in Missouri, or, in some cases, Michigan. *Pierce*, 137 F.3d at 1192 (accepting the facts from defendant's affidavit about where defendant maintained plaintiff's employment records because plaintiff "failed to present any evidence in response to defendant's affidavit").

Finally, plaintiff doesn't establish venue in Kansas under the *third* avenue either. His Complaint never alleges that but for any alleged unlawful employment practices, he would've worked in Kansas. Instead, all the allegations in his Complaint are about his employment at defendant's plant in Missouri. *See generally* Doc. 1 (Compl.).

The court thus concludes that venue is improper in the District of Kansas. But what should the court do about this problem? When venue is improper, Congress directs district courts to dismiss the case "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The "decision of whether to dismiss or transfer lies within the sound discretion of the district court." *Pierce*, 137 F.3d at 1191. But our court has expressed a preference for "transfer[ring] an action, rather than dismiss[ing] it for improper venue." *Weber v. Ideker, Inc.*, 978 F. Supp. 1419, 1420 (D. Kan. 1997). This preference is especially compelling where any relevant time limitation would bar plaintiff's re-filing in the court of proper venue. *Id.* ("Transferring an action serves the interest of justice if upon refiling the action in the court of proper venue, the action would now be time-barred."). Indeed, our court appears to have established a practice of transferring employment discrimination cases, instead of dismissing them, where the relevant time limitation would bar plaintiff from re-filing in the proper venue. *See, e.g.*, *Laber v. Austin*, No. 20-2656-JWB, 2021 WL 3363086, at *5–6 (D. Kan. Aug. 3, 2021) (transferring to the Eastern District of Virginia); *Bell v. Park Hill Sch. Dist.*, No. 09-2218-JAR, 2009 WL 10708340, at *1 (D. Kan. Sept. 18, 2009) (transferring to the Western District of Missouri); *Weber*, 978 F. Supp. at 1420 (same).

The court recognizes that venue is proper in the Western District of Missouri under at least the first two options of the venue provision: the alleged unlawful employment practice happened in Missouri and, as defendant acknowledges, it maintains plaintiff's employment

records there.  42 U.S.C. § 2000e-5(f)(3).  The court also recognizes that if it dismissed plaintiff's suit, the ADAAA's 90-day time limitation to sue would bar plaintiff from re-filing in the Western District of Missouri.  *See* Doc. 1-1 at 1 (EEOC Notice of Right to Sue dated January 4, 2021); 42 U.S.C. § 2000e-5(f)(1) (providing that Title VII plaintiffs (and also ADAAA plaintiffs by operation of 42 U.S.C. § 12117) must bring suit "within ninety days" of receiving a notice of right to sue).  The court thus concludes that transferring this case, rather than dismissing it, serves the interests of justice.  So, consistent with the practice of our court in situations like this one, the court exercises its discretion and transfers this case to the Western District of Missouri.

**IV.   Conclusion**

The court denies defendant's motion to dismiss but grants defendant's alternative motion to transfer the case to the Western District of Missouri.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss, or in the Alternative, to Transfer (Doc. 14) is granted in part and denied in part, as set forth in full in this Order;

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Clerk is directed to take all appropriate steps necessary to transfer this action to the United States District Court for the Western District of Missouri.

**IT IS SO ORDERED.**

**Dated this 29th day of September, 2021, at Kansas City, Kansas.**

>                              **s/ Daniel D. Crabtree**
>                              **Daniel D. Crabtree**
>                              **United States District Judge**